## Swift and Neet *vs* Hopper.

COVENANT.

APPEAL FROM THE FAYETTE CIRCUIT.

*Construction of contracts. Warranty. Evidence.*

Case 84.

JUDGE MARSHALL delivered the Opinion of the Court.

May 11.

IF the decision of this case depended solely upon the question, whether the evidence was, or was not, sufficient to have authorized the jury to find that the negro woman, Malinda, was unsound, at the time of the sale and warranty, we are not prepared to say that we should not reverse the judgment, and direct a new trial, on account of the insufficiency of the evidence as to this point. But it is unnecessary to decide whether there is such a want of evidence on this subject as to authorize a reversal, because, we are of opinion that the Court decided one of the questions, as to the admissibility of evidence, erroneously, and to the prejudice of the defendants below, now appellants, and that for the error of that decision, the judgment must be reversed.

Ground of action.

The action was brought for a breach of the warranty contained in a bill of sale, executed by Swift and Neet, for the negroes, "Malinda and her two children," for the consideration of $1030, and which warranted them sound in body and mind, and slaves for life, without discrimination, but after the formula usual in concluding an instrument to be executed under hand and seal, this clause is added: "It being understood that the boy child had been diseased, but was supposed to have recovered."

It appeared in evidence that Malinda and her two children were sold together, at public auction, for $1030, at a general sale of negroes, by the defendants, when a great many others were sold. And the declaration having alleged, as a breach of the warranty, that Malinda and her two children were all unsound in body, &c. and evidence having been introduced by plaintiff for the purpose of proving the unsoundness of the mother and the boy child, the defendants offered to prove, by one or more witnesses,

Covenant in a bill of sale for a negro woman & two children, for $1030, containing warranty of soundness, to which is added an N. B. in these words: "It is understood that the boy child had been diseased, but was supposed to have recover-

SWIFT & NEET
*vs*
HOPPER.

ed," to enable the jury to estimate the probable price at which he was estimated in the entire purchase, it is competent for defendant to prove that, at the time of the sale, *it was publicly made known by the seller, that the boy child had been sick, and would not be warranted.*

Three slaves sold at auction, together, for an entire price, warranted sound, in suit on warrnty of soundness, alleging for breach that one was unsound, plea, covenants performed. It is competent for defendant to prove that, at the sale, the vendor gave notice that the one alleged to be unsound, was so represented by him at the sale, to show at what he was probably estimated in the purchase.

that, when these negroes were up for sale, it was openly proclaimed that this boy was not sound and would not be warranted so.

This evidence was offered for the purpose of enabling the jury to discriminate as to the price at which this boy was probably estimated in the purchase, and should be estimated by them in giving damages, supposing him to have been included in the written warranty which it was not intended to controvert by this testimony. But the Court, upon objection being made, decided that this matter could not be proved for any purpose, and would not allow a question calculated to elicit it to be put in any form.

As the warranty does not profess to discriminate, in any manner, between the prices or values of the different slaves, and therefore, furnishes no criterion for estimating the damages to be recovered, even for such unsoundness of any one of them as would render that one entirely valueless, the means of discrimination, (which were obviously important, and indeed necessary in this case, where all the negroes were not proved to have been unsound,) were left to be furnished by parol evidence, and, accordingly, the plaintiff gave in evidence, the opinions of witnesses as to the relative value of the mother and children, supposing all to have been sound.

The Court, in excluding the defendants evidence, doubtless went upon the ground, that after warranting the soundness of the boy, the defendants were estopped from showing that they had, in crying him off, represented that he was not sound, and that he would not be warranted. But it seems to us that the estoppel goes only to the question of there being or not being a contract warranting the boy, in consideration of the price given for him, and does not go to the question as to what price was given for him, nor to any fact materially affecting that question, except the fact that he was actually warranted in the bill of sale.

The additional clause, which has been noticed, amounts in itself, to a representation that the boy had been diseased, and that he might be so still, which goes to show that the warranty ought not to be regarded as conclusive evidence that he was sold for a sound price. And al-

though the warranty, with or without this clause, might be so conclusive of the contract to warrant, as to preclude, except on the ground of mistake or fraud, the admissibility of previous declarations, for the purpose of either denying or varying its import, we do not perceive that it should preclude such previous declarations when offered for the purpose of ascertaining a fact not ascertained by the contract itself.

The introduction of a warranty into the writing, by which the contract was closed, is not so utterly inconsistent with the fact that when the sale was actually being made, and the bidding going on, the vendors declared the boy to be unsound, and that they would not warrant him, as to be conclusive evidence that such declaration was not made. And as, if then made, it was obviously calculated to depreciate the value of the boy in the estimation of the bidders, and to effect the bid so far as he was concerned, we think the evidence was admissible, for the purpose of enabling the jury to come to a proper estimate of the damages: but it was not admissible for the purpose of showing a mistake in the writing, because, if such mistake could be shown with effect at law, no ground for doing so was laid in the pleadings.

Wherefore, without deciding any other question, judgment reversed, and cause remanded for a new trial.

*Robinson and Johnson* for appellants: *Pindell* for appellee.